# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:  )
 ) **JUDGE RICHARD L. SPEER**
Charles/Cheryl Roberts  )
 ) Case No. 08-34943
Debtor(s)  )
 )

## DECISION AND ORDER

This cause comes before the Court after an Evidentiary Hearing on the Debtors' objection to Proof of Claim No. 32. (Doc. No. 71). This proof of claim, in the amount of $1,550.85, was filed by Shane E. Smith who set forth, as its basis, that it was for "services performed including materials provided." For their objection to this claim, the Debtors assert that the "Creditor claims services for work that was incomplete and defective." (Doc. No. 46).

Appearing at the evidentiary hearing held in this matter were: the Creditor Shane E. Smith and his companion Susan Melett; and Debtors' legal counsel, Louis Yoppolo. Both Mr. Smith and Ms. Melett, whom were not represented by counsel, offered testimony in support of Claim No. 32. Neither of the Debtors, however, personally appeared at the Hearing to offer testimony in support of their Objection to Claim No. 32.

Having not personally appeared at the Hearing, the Court afforded the Debtors, through their legal counsel, the opportunity to supplement the evidentiary record on their objection to claim. However, the Debtors subsequently reported to the Court that they did "not wish to submit further testimony or documentation to the Court regarding their objection to the claim of Shane Smith in light of the continued cost of going forward with this matter." (Doc. No. 74). Accordingly, the Debtors asked that the Court "make its decision based upon the record in this matter as it presently

In re: Charles/Cheryl Roberts
Case No. 08-34943

exists." *Id.* Based upon these statements filed by the Debtors, the Court now considers this matter ripe for adjudication.

## DISCUSSION

Before this Court is the Debtors' Objection to Claim No. 32 filed by the Claimant, Shane E. Smith. A determination concerning the allowance or disallowance of a claim against the estate is deemed to be a "core proceeding" over which this Court has been conferred with the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(B).

The Bankruptcy Code provides that any "creditor . . . may file a proof of claim." 11 U.S.C. § 501(a). The purpose of a proof of claim is to alert the court, trustee, and other creditors, as well as the debtor, to claims against the estate. *Adair v. Sherman*, 230 F.3d 890, 896 (7th Cir. 2000). A timely filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).

If, as here, an objection to a proof of claim is made, paragraph (b) of § 502 directs that a court is to determine the amount of the claim as of the date the petition was filed. Thereafter, it is provided that a court "shall allow such claim . . . except to the extent that any of the exceptions set forth in paragraph (b) are applicable, including that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]" 11 U.S.C. § 502(b)(1).

As an evidentiary matter, Bankruptcy Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The effect of this provision is to prevent the objector from standing on only their objection, by requiring the objector to come forth with evidence to defeat a properly filed proof of claim. *In re Samson*, 392 B.R. 724, 728 (Bankr. N.D.Ohio 2008). Such evidence must be

Page 2

In re: Charles/Cheryl Roberts
Case No. 08-34943

sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim. *In re Gurley*, 311 B.R. 910, 915-16 (Bankr. M.D.Fla. 2001).

In this matter, the Debtors did not dispute and, from all appearances, the Court agrees that the proof of claim filed by Mr. Smith complies with the requirements of the Bankruptcy Code and Rules. Against Mr. Smith's properly filed proof of claim, the Debtors did not offer any evidence, whether testimonial or documentary, to refute Mr. Smith's claim. On this basis, alone, therefore, Bankruptcy Rule 3001(f) mandates that the Court allow Mr. Smith's claim.

Even if this were not the case, Mr. Smith offered evidence to substantiate his claim. Of importance, Mr. Smith introduced into evidence the "estimates" provided to the Debtors, constituting the contractual basis for his proof of claim. (Ex No. 1 & 2). Mr. Smith also went a step further, offering an explanation for what he inferred was the reason underlying the Debtors' claim that his work was incomplete and defective.

The main thrust of this explanation centered on an apparent misunderstanding by the Debtor, Mrs. Roberts, concerning Mr. Smith's failure to paint a ceiling in the Debtors' dining room. Mr. Smith explained in this regard that the dining room ceiling could not be painted because of water damage. Mr. Smith also explained that he reconciled the charge for his services to account for his inability to paint the Debtors' dining room ceiling.

While the Debtors' attorney attempted to cast dispersions on Mr. Smith's statements, the Court found Mr. Smith's testimony credible. Mr. Smith's testimonial statements were also partially corroborated by the "estimates" he submitted into evidence. In this regard, the first of the estimates provided that "Repair of ceiling and walls not included" in the cost to paint the Debtors' dining room ceiling. (Ex. No. 2). The later estimate presented to the Debtors then set forth the necessary costs to repair the dining room ceiling for painting. (Ex. No. 1).

In re: Charles/Cheryl Roberts
Case No. 08-34943

For these reasons, the Court finds that the proof of claim filed by Shane E. Smith is valid and should be fully allowed in the amount claimed, $1,550.85. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Objection of the Debtors, Charles and Cheryl Roberts, to Proof of Claim No. 32 filed by Shane E. Smith, be, and is hereby, OVERRULED.

**IT IS FURTHER ORDERED** that Shane E. Smith is hereby determined to hold an allowed, unsecured claim against the Debtors' bankruptcy estate in the amount of $1,550.85.

Dated: July 15, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 4

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing Decision and Order has been sent this 15th day of July 2009 to:

John P. Gustafson
Office of the Chapter 13 Trustee
316 N. Michigan St.
#501
Toledo, OH 43604


Charles D. Roberts
Cheryl M. Roberts
3920 Galloway Road
Sandusky, OH 44870


Louis J Yoppolo
1200 Edison Plaza
300 Madison Avenue
Toledo, OH 43604


Shane Smith
405 W Washington St
Sandusky, OH 44870


                    Signed - - /s/ Sherry Heyman